Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer *RRP* | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6572 | **DATE** | 1/19/2012 |
| **CASE TITLE** | Vernon T. Jones vs. United Air Lines | | |

**DOCKET ENTRY TEXT**

Enter Written Opinion. Plaintiff's motion to reopen his case and to amend or correct the complaint [33] is granted. This case is reinstated. On or before 2/24/2012, Plaintiff is directed to file a further amended complaint setting forth, in brief numbered paragraphs, (a) the nature of his previous employment with United; (b) the date on which he took leave; (c) the date of his return to work; (d) how and when he learned that his insurance benefits had been terminated; (e) the identity of the person(s) who made this decision; and (f) the basis for his conclusion that the decision was based on his race or on the fact that he had filed a previous charge of discrimination. Plaintiff is encouraged to seek counsel to represent him or to consult with the court's Pro Se Help Desk. A status conference is set for March 12, 2012, at 9:00 a.m. in Courtroom 2119. (For further detail see minute order.)

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

Plaintiff Vernon T. Jones initiated this lawsuit on October 14, 2010, alleging that Defendant United Air Lines terminated his health and dental insurance benefits on the basis of race and in retaliation for a charge of discrimination that Plaintiff had filed in October 2006. United moved to dismiss the complaint, arguing that Plaintiff's claims are preempted by the Railway Labor Act, 45 U.S.c. §§ 151-188, and are untimely.

The court granted that motion on April 11, 2011. In a brief ruling, the court declined to address the preemption issue but agreed with Defendant that the complaint was untimely. Specifically, the court pointed out that Plaintiff lost his insurance coverage as the result of the leave of absence he took on October 1, 2006. His EEOC charge was not filed until June 2009, and the court concluded that any claims brought under 42 U.S.C. § 1981 were barred by the four-year statute of limitations.

Mr. Jones promptly moved to reinstate his lawsuit and amend the complaint. As the court understands his handwritten motion, Mr. Jones alleges that United did not terminate his health insurance coverage until January 2007. His EEOC charge was filed more than two years later, and his Title VII claims therefore remain untimely. He may also seek relief under § 1981 for race discrimination and retaliation, however, and if the termination of health insurance coverage occurred in January 2007, then claims arising from that event survive under the more generous four-year statute of limitations. Defendant argues that Plaintiff should have presented greater detail earlier. The court agrees; in light of Plaintiff's *pro se* status, however, the court is inclined to accept the clarification and overrule the timeliness objection.

Defendant reasserts its preemption argument, as well. United notes that the collective bargaining agreement is the source of Plaintiff's right to health insurance benefits and reasons that this case cannot be resolved without construing the terms of that agreement. Accordingly, United contends, this dispute is a "minor dispute" subject to mandatory arbitration. The court is less certain. As the Seventh Circuit

| STATEMENT |
|---|

explained recently in another case against United Airlines,
> [t]he mere need to consult a collective bargaining agreement does not require preemption. When a claim does not arise under a collective bargaining agreement, the claim is preempted only when its resolution depends on the disputed meaning of or requires interpretation of contract terms.

*Rabe v. United Air Lines, Inc.*, 636 F.3d 866, 873 (7th Cir. 2011). Plaintiff Jones's claims do not arise under the collective bargaining agreement; they arise under federal law. If he can show that persons of other races, or persons who did not file charges of discrimination, took leaves of absence but did not lose their health insurance benefits, he may be able to prove these federal claims without any extensive construction of the CBA.

Plaintiff's motion to reopen his case and to amend or correct the complaint [33] is granted. This case is reinstated. Plaintiff is directed to file a further amended complaint, however, setting forth, in brief numbered paragraphs, (a) the nature of his previous employment with United; (b) the date on which he took leave; (c) the date of his return to work; (d) how and when he learned that his insurance benefits had been terminated; (e) the identity of the person(s) who made this decision; and (f) the basis for his conclusion that the decision was based on his race or on the fact that he had filed a previous charge of discrimination. Such amended complaint should be filed on or before February 24, 2012. Plaintiff is encouraged to seek counsel to represent him or to consult with the court's Pro Se Help Desk. A status conference is set for March 12, 2012, at 9:00 a.m. in Courtroom 2119.